Milagros REYES for herself and on behalf of Pedro Ivan Canals and Milton Canals, Soc. Sec. Acc. No. 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, Plaintiff,

v.

Hon. Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 349-57.

United States District Court
D. Puerto Rico,
San Juan Division.

Dec. 30, 1958.

Faustino R. Aponte, Humacao, P. R., for plaintiff.

Francisco A. Gil, Jr., U. S. Atty., San Juan, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

In this case a referee of the Social Security Administration determined that claimant, plaintiff herein, was not entitled to mother's insurance benefits on her own behalf, or to child's insurance benefits on behalf of certain minor children. The basis for the determination was a finding that the three children were not the children of the wage earner under the Social Security Act.

The issue before the referee was whether the children, Pedro Ivan and Milton Canals are the children of the wage earner within the meaning of the Social Security Act, and whether the child Maria de los Angeles is a step-child of the wage earner under the Act.

## I

### Pedro Ivan and Milton

 These two children were allegedly born of an adulterous relationship between claimant and the wage earner, while clamant was married to one Herminio Cabrera Perez. Thus under Title 32, L.P.R.A. § 1887(30), Code of Civil Procedure of Puerto Rico, Pedro Ivan and Milton, must be presumed to be the legitimate children of Herminio Cabrera Perez, not the wage earner herein. It is true that plaintiff and the wage earner acknowledged these children as their own in the Registry of Vital Statistics, as shown by the birth certificates. However, this is not sufficient to overcome the presumption. Such presumption can only be overcome by judicial action contesting the legitimacy of the child. See Sections 461, 464 and 465, Tit. 31, L.P. R.A. Indeed Section 464 states: "Legitimacy can only be disputed by the husband or his legitimate heirs", and the only effect of Act No. 229 of 1942, Sec. 501, Title 31 L.P.R.A. on which claimant relies, is that these two children, presumed the legitimate children of Herminio Cabrera Perez, now have a new cause of action for filiation enabling them to contest their aforesaid status whereas formerly only the husband, Herminio Cabrera Perez, and his heirs could exercise such an action. See Agosto v. Javierre, 77 P.R.R. 44, 465. I must therefore hold that the referee was correct in concluding that, under the law of Puerto Rico, the children, Pedro Ivan and Milton could not inherit the intestate personal property of the wage earner as his children, and were thus not his children within the meaning of the Social Security Act.

## II

### Maria de los Angeles

 This child was not a step-child of the wage earner as defined in Section 216 of the Social Security Act (Title 42 U.S.C.A. § 416(e)) because, as found by the referee, the wage earner's marriage to claimant occurred less than one year prior to the death of the wage earner and therefore this child had not been a step-child for not less than one year prior to the death of the wage earner.

The decision of the Referee is affirmed, defendant's motion for summary judgment is granted, and it is ordered, that this action be, and hereby is, dismissed.