Infants Nylda Esther, Domingo, Nydia Victoria, Angel Luis and Alberto, surnamed MORALES, under the age of eighteen, through their natural guardian Angel Morales, Plaintiffs,

v.

Abraham A. RIBICOFF, Secretary of Health, Education and Welfare of the United States, Defendant.

No. C. 307–60.

United States District Court
D. Puerto Rico,
San Juan Division.

Oct. 11, 1961.

Frank Torres, Ponce, P. R., for plaintiffs.

Francisco A. Gil, Jr., U. S. Atty., San Juan, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

In this action the Appeals Council of The Social Security Administration by its decision of October 12, 1960 affirmed the determination of the Referee of said Administration which held that the claimant herein Angel Morales is not entitled to Child's Insurance Benefits for Nylda Esther, Domingo, Nydia Victoria, Angel Luis and Alberto Morales, children on whose behalf he filed an application on May 6, 1958.

The basis for the determination and the issue before the Referee and the Appeals Council as to said five children were those which this Court has already considered in the identical cases of Reyes v. Flemming, D.C.P.R., 168 F.Supp. 566, and Algarin, etc. v. Ribicoff, etc. Civil No. 343–59 of this Court, decision of June 16, 1961. 199 F.Supp. 401.

See also: Perez v. Torres, 79 D.P.R. (1956) 611 (Spanish Edition) and People v. Santiago, 70 P.R.R. 798 (1950).

Plaintiffs herein brought this action to review the aforesaid determination of the Referee as affirmed by the Appeals Council.

Defendant, the Secretary of Health, Education and Welfare of the United States, has answered the complaint, attaching to said answer the complete record of the proceedings before The Social Security Administration, as required by the law.

Defendant has also moved for a summary judgment in his favor and this motion is now before the Court for decision.

I have given due consideration to the pleadings, to the record of the proceedings before The Social Security Administration, attached to defendant's answer, and to the memorandum in support of said motion submitted on behalf of the defendant, being duly advised in the premises.

Plaintiffs have failed to file any memorandum, being content with their motion of September 22, 1961 expressing the erroneous view that the Court, in this type of proceeding, must hold a trial to permit them to present additional testimony, and documentary evidence not appearing from the record of The Social Security Administration, attached to defendant's answer. This court has no authority to grant such a request. See Sec. 205(g) of The Social Security Act (42 U.S.C.A. § 405(g)). McGrew v. Hobby, D.C., 129 F.Supp. 627.

On the basis of my decisions in Reyes v. Flemming, supra, and Algarin v. Ribicoff, supra, and of the decision of the Supreme Court of the Commonwealth in Perez v. Torres, supra, the determination of the Referee affirmed by the decision of the Appeals Council of the Social Security Administration, must be affirmed, defendant's motion for summary judgment must be granted, and this action must be dismissed.

It is so Ordered.

### Summary Judgment

The pleadings and the record of the administrative proceedings on file show that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law. It is therefore ordered and adjudged that the determination of the Referee of

The Social Security Administration as affirmed by the decision of the Appeals Council thereof, under review herein, be as it is hereby affirmed and that the complaint in this action be as it is hereby dismissed.