**William A. ATTEBERRY, Plaintiff-Appellee,**

**v.**

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant-Appellant.**

**No. 343–69.**

United States Court of Appeals, Tenth Circuit.

April 15, 1970.

**37**

PICKETT, Circuit Judge.

This action was brought in the United States District Court for the District of Kansas by appellee, William A. Atteberry, to review a decision of the Secretary of Health, Education and Welfare (HEW), appellant, denying Atteberry's claim for Social Security disability benefits on a 1957 application for the reason that due to lapse of time the decision was final and could not be reopened. The district court held that the Secretary's decision was not supported by substantial evidence in the record because it did not show that the Secretary had given written notice of the denial as required by regulations promulgated under the Act,[1] and ordered allowance of the claim from the date of disability. We have examined the transcript of the administrative record filed by the Secretary with his answer, and agree with the trial court's conclusion.

The material facts are not in dispute. On June 19, 1957 Atteberry applied for disability insurance benefits under the Social Security Act, 42 U.S.C. § 401 et seq., stating that he had been disabled on April 4, 1952. The file shows a determination that Atteberry, although seriously disabled, performed some clerical work and earned income in connection with a nursing home, and was therefore not disabled within the meaning of the Act. The file also contains a sheet of paper with the date August 6, 1957 typed thereon, together with the claimant's name and address, and unexplained numbers and letters. There was no other action relating to the claim until October 26, 1965 when Atteberry, having reached the age of 65 years, made application for old-age insurance and disabili-

Harold H. Crook, Pittsburg, Kan., for plaintiff-appellee.

Judith S. Seplowitz, Dept. of Justice, Washington, D. C. (William D. Ruckelshaus, Asst. Atty. Gen., Robert J. Roth, U. S. Atty., Kathryn H. Baldwin, Dept. of Justice, Washington, D. C., on the brief), for defendant-appellant.

Before MURRAH, PICKETT and BREITENSTEIN, Circuit Judges.

---

1. 20 C.F.R. § 404.907 provides:
   "*Notice of initial determination.*
   "Written notice of an initial determination shall be mailed to the party to the determination at his last known address, except that no such notice shall be required in the case of a determination that a party's entitlement to benefits has ended because of such party's death (see § 404.905(d)). If the initial determination disallows, in whole or in part, the application or request of a party * * * the notice of the determination sent to the party shall also inform the party of the right to reconsideration (see § 404.910) unless such determination is to the effect that a deduction, or, except in disability claims, a termination, is to be made and such determination is based only upon facts reported to the Administration by the party to the determination. * * *"

ty benefits. Later Atteberry was notified that the old-age insurance benefits had been approved, but that his claim for disability benefits was denied. Upon reconsideration it was found that Atteberry was disabled as of April 3, 1952. This determination increased the old-age benefit allowance, but disability benefits were again denied because the former disallowance had become final.[2]

A hearing was held before a HEW examiner upon the question of whether the original application should be reopened. At the hearing Atteberry testified at length and the Secretary relied exclusively upon the administrative record. The principal issue developed was the sufficiency of notice to Atteberry that his original claim had been disallowed.[3] Atteberry testified that when the application was filed an unidentified employee told him that "you couldn't file for total disability because you make too much money" and was not eligible for the benefits. Atteberry admitted that he later inquired of an attorney about the matter and was told that there probably wasn't anything more he could do about

the claim. Upon questioning by the examiner, Atteberry maintained he had not received a letter notifying him of the disallowance of his claim and his right to a reconsideration. His testimony with reference to any notice as to the disposition of his claim was limited to the aforesaid statement of the unknown employee.[4] It is the Secretary's position that the sheet of paper bearing Atteberry's name and address dated August 6, 1957 is in fact a form letter of a claim disallowance identified by the code number thereon which was mailed to Atteberry on the aforesaid date. The first attempt to explain this paper and to convert it into a notification presumably signed by someone representing the Secretary was initially made in the district court. Except for information contained in a trial brief, the record is entirely devoid of any explanation of the paper or that it was mailed to Atteberry.

The findings of the Secretary and the inferences to be drawn therefrom are not to be disturbed by the courts if there is substantial evidence to support them. 42 U.S.C. § 405(g). In Gardner v. Bish-

2. 42 U.S.C. § 405(b) in pertinent part reads as follows:
    "The Secretary is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter. Upon request by any such individual or upon request by a wife, divorced wife, widow, surviving divorced wife, surviving divorced mother, husband, widower, child, or parent who makes a showing in writing that his or her rights may be prejudiced by any decision the Secretary has rendered, he shall give such applicant and such other individual reasonable notice and opportunity for a hearing with respect to such decision, and, if a hearing is held, shall, on the basis of evidence adduced at the hearing, affirm, modify, or reverse his findings of fact and such decision. Any such request with respect to such a decision must be filed within such period after such decision as may be prescribed in regulations of the Secretary, except that the period so prescribed may not be less than six months after notice of such decision is mailed to the individual making such request. * * * "

20 C.F.R. §§ 404.956–404.958 provides for a period up to four years as a statute of limitation within which for good cause a claimant may have his denial of application heard before a hearing examiner upon his request. See also 20 C.F.R. § 404.937a relating to *res judicata*.

3. In his brief the Secretary asserted that issue to be:
    "Whether there was substantial evidence in the record that the Secretary complied with 20 C.F.R. 404.907, which requires that a claimant be notified in writing of the initial denial of his application and of his right to reconsideration."

4. The examiner's decision, which was approved by the Secretary, stated that Atteberry had been notified by letter of August 6, 1957 that the claim had been denied, and found:
    "The claimant's application for disability insurance benefits was denied by initial determination in July 1957 and the claimant was so notified of this action by letter dated August 6, 1957."

op, 362 F.2d 917, 919 (10th Cir. 1966), we quoted the definition of substantial evidence from National Labor Relations Board v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939), as follows: "It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." See also Haley v. Celebrezze, 351 F.2d 516 (10th Cir. 1965); Folsom v. O'Neal, 250 F.2d 946 (10th Cir. 1957).

■■ Court review of the Secretary's denial of Social Security disability benefits is limited to a consideration of the pleadings and the transcript filed by the Secretary as required by 42 U.S.C. § 405(g). It is not a trial *de novo.* Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954). The court is not at liberty to consider evidence not in the record certified by the Secretary. Mann v. Gardner, 380 F.2d 182 (5th Cir. 1967). See Morales v. Ribicoff, 199 F.Supp. 402 (D.P.R. 1961). The Secretary argues that the examiner's finding on notification should not be judged on the basis of the "evidence not before him" rule because the identifying code number referred the examiner to the letter contents; therefore, the evidence was at all times before him. The record does not show that the examiner knew the contents of the letter, and is silent as to the basis of the finding of adequate notice. To sustain this argument the Secretary would be permitted, after commencement of court action, to supply evidence on the critical issue in the case. In this case the existence of a statutory notice would be established without any actual proof thereof. We think this is contrary to orderly court review procedure in such cases.

Apparently relying on Hobby v. Hodges, *supra,* the trial court held that because there had been no hearing on the denial of Atteberry's original application, the doctrine of *res judicata* was not applicable. In view of our disposition of this case on the question of the sufficiency of the evidence, we need not consider this question, but we note that following the *Hobby* decision Congress, in 1956, amended 42 U.S.C. § 405, thereby authorizing the Secretary to establish limitations within which a claimant must request a hearing or be barred from further proceedings. See Senate Report No. 2133, U.S. Code Cong. & Admin. News, 84th Cong., 2nd Sess. 1956, p. 3923.

Affirmed.