Margaret **CODDENS**, Appellee,

v.

Caspar W. **WEINBERGER**, Secretary of Health, Education and Welfare, Appellant.

No. 74–1074.

United States Court of Appeals, Tenth Circuit.

Argued Sept. 12, 1974.

Decided Nov. 1, 1974.

John K. Villa, Atty., Dept. of Justice (Carla A. Hills, Asst. Atty. Gen., Richard A. Pyle, U. S. Atty., Stephen F. Eilperin, Atty., Dept. of Justice, with him on the brief), for appellant.

Albert R. Matthews, Muskogee, Okl., for appellee.

Before LEWIS, Chief Judge, SETH, Circuit Judge, and CHRISTENSEN, Senior District Judge.*

PER CURIAM.

This is an appeal by the Secretary of Health, Education and Welfare from a decision by the trial court that the appellee was an independent contractor and was not an employee of the Muskogee State Fair which was a tax-exempt organization.

The appellee-claimant filed an application for hospital insurance benefits under the Social Security Act [42 U.S.C. § 426(a)] on the premise that she was, during 1969 and 1970, an independent contractor having paid self-employment social security taxes. The claim was denied on the ground that she was instead an employee of a nonprofit organization which had not waived its social security tax exemption. She sought her administrative remedies, and the administrative law judge concluded she was not entitled to benefits. The Appeals Council upheld the hearing decision. The appellee then began this action to review the Secretary's decision.

Under the portion of the Act for which benefits were here sought [Part A, Subchapter XVIII, 42 U.S.C. § 1395c], a certain number of quarters of "coverage" are required as an "employee" as defined in 42 U.S.C. §§ 409–410 or as a self-employed person under 42 U.S.C. § 411. The organization here concerned had elected not to waive its exemption from social security taxes. Thus employment with it would not qualify the applicant, and her only ground for claim is the self-employment status. See 42 U.S.C. § 411 (a), (b) and (c). She paid the required taxes as a self-employed person.

The record shows that the claimant was a longtime employee of the Fair as a secretary with some added duties. The permanent organization of the Fair was very small, and her duties were broad. In 1969 the Fair sought to end the employer-employee relationship with the claimant, and substituted an agreement with her as an independent contractor. We are unable to find in the record any significant change in her duties after she was put under contract. If the common law definitions of an employee are applied, claimant must be held to come within them. The same result comes about from the application of the definitions in the Act, 42 U.S.C. § 410(j). The Supreme Court in Bartels v. Birmingham, 332 U.S. 126, 67 S.Ct. 1547, 91 L.Ed. 1947, and in United States v. Silk, 331 U.S. 704, 67 S.Ct. 1463, 91 L.Ed. 1757, considered the "employee" definition under the Social Security Act. The issues there concerned contributions, but we must hold the two cited cases to be controlling. These and other cases hold that the realities of the situation must control over the form into which the relationship is sought to be cast.

The Secretary made the factual determination that the relationship was that of employer and employee. This finding is supported in the record by substantial evidence. See Atteberry v. Finch, 424 F.2d 36 (10th Cir.); Dvorak v. Celebrezze, 345 F.2d 894 (10th Cir.), and Folsom v. O'Neal, 250 F.2d 946 (10th Cir.).

The judgment of the trial court is set aside and the case is remanded with instructions to dismiss the action.

* Of the District of Utah, sitting by designation.