**Alberta FERGUSON, Plaintiff,**

v.

**Richard SCHWEIKER, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 81–650.

United States District Court, W. D. Pennsylvania.

June 24, 1981.

Felix J. DeGuilio, Pittsburgh, Pa., for plaintiff.

Barbara C. Davis, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

TEITELBAUM, District Judge.

The matter *sub judice* comes before the Court on a motion for a protective order pursuant to Fed.R.Civ.P. 26(c). The defendant contends that interrogatories propounded by the plaintiff seeking (1) the names of all social security cases appealed in this district and (2) the number of all social security cases reversed in this district are inappropriate in an action brought under 42 U.S.C. 405(g). "Fed.R.Civ.P. 26(b)(1), which sets the standard for all discovery, whether by deposition, written interrogatories to parties, or the production of documents, provides for discovery 'regarding any matter, not privileged, which is relevant to the subject matter invoked in the pending action . . . It is not ground for

objection that the information sought will be inadmissible at the trial if the information sought appears reasonably to lead to the discovery of admissible evidence.'" 4 J. Moore, Federal Practice ¶ 26.56 (2d ed. 1979).

In the underlying action, the plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) to reverse a final decision of the defendant which held that plaintiff was not entitled to disability insurance benefits. The sole issue in such an action is whether the decision of the Secretary was supported by substantial evidence.

Defendant contends that information sought by the plaintiff through interrogatories is not discoverable because (1) it lies outside the record and (2) it is immaterial and irrelevant to the sole issue of whether there is substantial evidence to support the Secretary's decision. Plaintiff appears to contend that the information has some relevance and is immediately discoverable. Plaintiff argues that if the information obtained is found to be immaterial, the defendant may at that time move for either a protective order or move that the interrogatories and answers be stricken from the record.

In support of their respective positions both parties cite *Hart v. Califano*, Civil No. F 79–133 (N.D.Ind. Jan. 7, 1980). Plaintiff contends that *Hart* supports his position that interrogatories and their answers may be stricken from the record after the information sought is furnished. However, plaintiff overlooks that the defendant in *Hart* was under no obligation to answer the plaintiff's interrogatories, but furnished the answers only because of a commitment to plaintiff's counsel. The defendant's reading that interrogatories are inappropriate in social security Title II cases is a more precise interpretation of *Hart*.

In further support of its position, with which this Court concurs, defendant relies on the case of *Atteberry v. Finch*, 424 F.2d 36 (10th Cir. 1970). In *Atteberry*, the court stated that review of a final decision of the Secretary in an action brought under 42 U.S.C. 405(g) "is limited to a considera-

tion of the pleadings and the transcript which has been filed by the Secretary . . . The court is not at liberty to consider evidence not in the record certified by the Secretary." *Id.* at 39. In judicial review of the Secretary's decision this Court does not try the matter *de novo*, reweigh the evidence or substitute its judgment for that of the Secretary. See *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Therefore, the defendant correctly maintains that since the extra-record evidence sought by the plaintiff is inadmissible in the case at bar the interrogatories are inappropriate.

Plaintiff's contention that defendant must furnish the information requested by the interrogatories is without merit. Plaintiff's interrogatories are neither relevant to the subject matter in the case at bar nor can they lead to the discovery of any admissible evidence. Furthermore, this information is a matter of public record, as easily accessible to the plaintiff as to the defendant, in the United States Clerk of Court's Office for the United States District Court for the Western District of Pennsylvania.

For all of the foregoing reasons, defendant's motion for a protective order will be granted. An appropriate order will issue.