5 F.3d 547
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 O'Neal SMITH, Jr., Plaintiff-Appellant,
v.
Donna E. SHALALA,[1] Secretary of Health and Human
Services, Defendant-Appellee.
 No. 92-6383.
 United States Court of Appeals, Tenth Circuit.
 Aug. 27, 1993.
 ORDER AND JUDGMENT[2]
 
 1
 Before BALDOCK and KELLY, Circuit Judges, and BENSON,** District Judge.
 
 
 2
 Claimant O'Neal Smith, Jr. applied for disability and supplemental security income benefits in Oklahoma on February 26, 1985, alleging disability due to "back problems, pain and pernicious anemia." Rec. Vol. I at 1, Complaint. After Smith's request was denied administratively, the Appeals Council remanded the case for reevaluation pursuant to new regulations. Following a second administrative denial, Smith attended a hearing before an ALJ in Oklahoma. The ALJ denied Smith's application on November4, 1986. Smith appealed the denial to the district court, which remanded his case to the Appeals Council. The Appeals Council remanded to an ALJ "specifically to evaluate [Smith's] credibility with respect to his allegations of disabling pain and to obtain updated medical records in this evaluation." Id. at 8, Magistrate's Report and Recommendation. A second hearing was held in California,[3] and the ALJ again denied Smith's request, on November16, 1989. Following some confusion about Smith's then-current address, his appeal to the district court proceeded. The district court adopted the findings and recommendation of the magistrate judge, affirming the Secretary's decision that Smith is not disabled within the meaning of the Social Security Act.
 
 
 3
 The Secretary has established a five-step evaluation process to determine whether a claimant is disabled. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(detailing five steps). Through step four, a claimant bears the burden to demonstrate that he has an impairment that precludes him from returning to his past relevant work. Here, both ALJs concluded that Smith cannot return to his past relevant work, but retains the residual functional capacity to perform light work. Rec. Vol. II at 18, ALJ's Decision dated November4, 1986; id. at 336-37, ALJ's Decision dated November16, 1989. Once a claimant has prevailed through step four, the burden shifts to the Secretary at step five to show that a claimant can perform work existing in the national economy. See Flint v. Sullivan, 951 F.2d 264, 267 (10th Cir.1991).
 
 
 4
 On appeal, Smith raises two issues: 1)whether substantial evidence supports the Secretary's determination that Smith's pain is not disabling, and whether the agency and district court erred in failing to apply Ninth Circuit case law to Smith's allegations of pain. Our review of the Secretary's decision is limited to determining whether the record as a whole contains substantial evidence in support of the Secretary's decision and whether the Secretary applied the correct legal standards. See Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1497-98 (10th Cir.1992) (citing Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir.1988)). Based on our careful review of the entire appellate record, including the parties' briefs, we agree with the district court that substantial evidence supports the ALJ's conclusion that Smith is not disabled. Addressing Smith's second issue, Ninth Circuit case law is not applicable to matters before this court under a conflicts-of-law analysis. See Chevron Oil Co. v. Huson, 404 U.S. 97, 102-03 (1971) (when federal courts apply federal law, "ordinary conflict of laws principles have no relevance"). Nonetheless, even were we to consider Ninth Circuit cases on this issue, we agree with the district court that they do not conflict with Tenth Circuit authority. Therefore, for substantially the same reasons set forth in the district court's order dated September 22, 1992, adopting the magistrate judge's report and recommendation dated December 19, 1991, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Donna E. Shalala is substituted for former Secretary of Health and Human Services Louis W. Sullivan, pursuant to Fed.R.App.P.43(c)(1)
 
 
 [2]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 **
 Honorable Dee V. Benson, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [3]
 The record indicates that Smith moved to California after the district court's remand. The case was transferred to California, and, following Smith's return to Oklahoma, subsequently transferred back during the pendency of Smith's case before the district court