**LaSharon TOWENSON, by Mattie MICKEAL, Plaintiff,**

v.

**Kenneth APFEL, Commissioner of Social Security, Defendant.**

No. 96–1094–JTM.

United States District Court,
D. Kansas.

July 29, 1998.

James S. Phillips, Jr., Phillips & Phillips, Chartered, Wichita, KS, John A. Bowman, Davenport, IA, for Plaintiff.

Emily B. Metzger, Office of United States Attorney, Wichita, KS, for Defendant.

## MEMORANDUM ORDER

MARTEN, District Judge.

Mattie Mickeal, on behalf of her daughter LaSharon Towenson, brings this action for review of the final decision of the Commissioner of Social Security denying Towenson's application for child's supplemental security income (SSI) benefits based on disability under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 1381 *et seq.* Towenson's application was denied initially and on reconsideration. An administrative law judge (ALJ) denied her application on January 31, 1995, after holding a hearing. On December 29, 1995, the Appeals Council of the Social Security Administration denied Towenson's request for review.

The ALJ's decision is the final decision of the Commissioner and is subject to judicial

review as provided for in 42 U.S.C. § 205(g). 42 U.S.C. § 1983(c)(3). *See also Andrade v. Secretary of Health and Human Services,* 985 F.2d 1045, 1047 (10th Cir.1993). Towenson asks the court to remand this case to the Commissioner for further proceedings, citing amendments to the Social Security Act, the failure of the Appeals Council to listen to the tapes of the proceeding before denying review, the failure of the ALJ to apply the correct legal standard, and the lack of substantive support for the ALJ's decision.

## I. Applicable Standard of Review.

Towenson lived in Illinois when she filed her application for benefits. Illinois is in the Seventh Circuit. The ALJ considered Towenson's application in Iowa, which is in the Eighth Circuit. Towenson subsequently moved to Kansas where she filed this petition for judicial review. Kansas is in the Tenth Circuit. An initial question, not addressed by the parties, is which standard of review applies.

█ The court's research revealed only a single case addressing the question. In an unpublished opinion, the Tenth Circuit held that final decisions of the Commissioner are reviewed under the law of the circuit in which the district court conducting the review is located. *Smith v. Shalala,* 5 F.3d 547 (10th Cir.1993) (table). *Smith* reached this conclusion because ordinary conflicts of laws principles have no relevance when federal courts apply federal law. *Smith* cited *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), *overruled on other grounds, Harper v. Virginia Dept. of Taxation,* 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993).

In Smith, the claimant initially sought benefits in Oklahoma. An Oklahoma ALJ denied benefits and the District Court for the Western District of Oklahoma remanded to the Appeals Council. The Appeals Council remanded to an ALJ with specific instructions. The second ALJ hearing was conducted in California, where Smith had moved. Smith subsequently moved back to Oklahoma while his case was pending before the district court. Noting that there was no conflict between Ninth and Tenth Circuit law, the Tenth Circuit held an analysis was unnecessary in any event.

This court will follow Smith and apply Tenth Circuit law, even though the better rule would seem to be to follow the law of the circuit in which the ALJ conducts the hearing, in this case the Eighth Circuit. Such a rule would allow an ALJ to look to a single circuit's case law for controlling guidance and would discourage forum shopping by claimants. There are significant differences in the standard of review in the two circuits, as noted below. However, the court is convinced the same result is reached under both standards.

█ Applying the Tenth Circuit standard, this court reviews the Commissioner's decision to determine whether it is (1) free of legal error and (2) supported by substantial evidence. *See Brown v. Callahan,* 120 F.3d 1133, 1135 (10th Cir.1997). A determination of whether the Commissioner's decision is supported by substantial evidence must be based upon the record taken as a whole. *Washington v. Shalala,* 37 F.3d 1437, 1439 (10th Cir.1994). The court must meticulously examine the record to determine whether the evidence in support of the Commissioner's decision is substantial and take into account whatever in the record fairly detracts from its weight. *Id.* In addition, failure to apply the correct legal standards or to provide the court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal. *Id.* The Eighth Circuit applies a similar overall standard of review, but appears to give more deference to the Commissioner. *See e.g., Briggs v. Callahan,* 139 F.3d 606, 1998 WL 119768 (8th Cir.1998); *Lucy v. Chater,* 113 F.3d 905, 908 (8th Cir.1997).

## II. Impact of Amendments to the Social Security Act.

█ Towenson first argues that amendments to the Social Security Act after the ALJ rendered his decision require a remand so her application for benefits can be evaluated under the new eligibility requirements. The Commissioner argues the amendments actually restricted eligibility for benefits,

thus if Towenson was ineligible for benefits under the old requirements, she would not be eligible for benefits under the new requirements.

When the ALJ denied Towenson's application for SSI benefits, a disabled individual eligible for benefits was defined, in part, as follows:

An individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months (or, in the case of a child under the age of 18, if he suffers from any medically determinable physical or mental impairment of comparable severity).

42 U.S.C.A. § 1382c(a)(3)(A) (West 1992).

In the Personal Responsibility and Work Opportunity Reconciliation Act, Pub.L. No. 104–193, Congress subsequently amended the Social Security Act to provide, in part, as follows:

(i) An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

(ii) Notwithstanding clause (i), no individual under the age of 18 who engages in substantial gainful activity ... may be considered to be disabled.

42 U.S.C.A. § 1382c(a)(3)(C) (West 1998 Supp.).

■ Both circuits agree that Congress intended for the amendments to apply to cases pending before the courts. *Brown,* 120 F.3d at 1135; *Briggs,* 139 F.3d at ——.

Prior to the amendments, both circuits required an ALJ to conduct a four-step process when evaluating an application for SSI benefits by a minor. First, the ALJ had to determine whether the claimant was engaged in substantial gainful activity. If so, the claimant was not eligible for benefits. If not, the ALJ had to determine whether the claimant had a severe impairment at step two. If the claimant did not have a severe impairment, the claimant was not eligible for benefits. If the claimant had a severe impairment, the ALJ had to determine at step three whether the impairment met or equaled a listed impairment. If a listed impairment was met or equaled, the claimant was disabled and eligible for benefits. If a listed impairment was not met or equaled, the ALJ had to determine at step four whether the claimant had an impairment or impairments of comparable severity to that which would prevent an adult from engaging in substantial gainful activity. *Brown,* 120 F.3d at 1134–35 n. 2; *Burnett v. Chater,* 91 F.3d 148 (8th Cir.1996) (table).

In *Brown* the Tenth Circuit held the effect of the amendments was to eliminate the fourth step in the ALJ's analysis. Thus, if the claimant meets or equals a listed impairment at step three, the claimant is disabled. If the claimant does not meet or equal a listed impairment at step three, the claimant is not disabled. *Brown,* 120 F.3d at 1135. The Eighth Circuit followed the government's suggested approach—it held the new eligibility requirements imposed by the amendments were more stringent than the previous requirements, and thus if the Commissioner's decision denying benefits could be affirmed under the previous four-step analysis there was no need to conduct an analysis based on the new eligibility requirements.

Under the facts of this case, no remand is required merely because Congress changed the eligibility requirements. Under Tenth Circuit case law, the ALJ's analysis simply stops at step three. Under Eighth Circuit case law, the court need only review the decision to deny benefits to see if it can be upheld under the previous eligibility requirements. Accordingly, the court will turn to Towenson's specific allegations of error.

### III. The Appeals Council's Decision to Deny Review.

■ Towenson argues the Appeals Council must review the entire file before rendering

a decision denying review. She argues the case must be remanded because the Appeals Council failed to listen to the tapes of the hearing before the ALJ. The government argues the Appeals Council is only required to review the entire record when it grants review. Where the Appeals Council denied review, the Commissioner argues the Appeals Council was not required to review any part of the record.

The court agrees with Towenson that the Appeals Council failed to follow the applicable regulations when it denied her request for review. See Gomez v. Sullivan, 761 F.Supp. 746, 750 (D.Colo.1991). Gomez reversed and remanded because the Commissioner failed to follow 20 C.F.R. § 416.1470 when the Appeals Council denied review without first examining the entire record to see whether ALJ's decision was supported by substantial evidence.[1] However, the court also is convinced that it lacks jurisdiction to reverse the Commissioner's final decision because the Appeals Council improperly denied review.

■ The parties do not question the jurisdiction of the court to review the Appeals Council's decision to deny review of the ALJ's decision. However, this court has an independent duty to examine its jurisdiction. Tuck v. United Services Auto. Ass'n, 859 F.2d 842 (10th Cir.1988), cert. denied, 489 U.S. 1080, 109 S.Ct. 1534, 103 L.Ed.2d 839 (1989). Gomez did not expressly consider whether the court had jurisdiction to review the Appeals Council's decision to deny review. While the court finds no Tenth Circuit cases directly addressing this question, the Eighth Circuit has held decisions of the Appeals Council denying review are not subject to judicial review. When review is denied by the Appeals Council, it is the decision of the ALJ that is subject to judicial review. Browning v. Sullivan, 958 F.2d 817, 822–23 (8th Cir.1992). This is consistent with Tenth Circuit case law holding that when review is denied by the Appeals Council, the ALJ's decision is the final decision of the Commissioner. See Andrade, supra. Accordingly,

the Commissioner's decision is not subject to reversal because the Appeals Council failed to follow its regulations when it denied review of the ALJ's decision.

IV. The ALJ's Decision.

Towenson argues the ALJ failed to follow the correct legal standards and his decision to deny benefits is not based on substantial evidence. Towenson first argues the ALJ failed to articulate why she did not meet a listed impairment and failed to consider all of the evidence in the record, particularly the testimony of Mickeal, Towenson's mother. The ALJ extensively discusses Towenson's educational and medical history and explains why she does not meet a listed impairment. This includes a detailed discussion of Mickeal's testimony.

■ Towenson next argues the ALJ failed to fully develop the record by failing to use a pediatrician, psychiatrist or psychologist with pediatric expertise to evaluate her disability. The ALJ relies on a consultation report prepared by Dr. Kirk Witherspoon, a clinical psychologist. There is evidence in the record that Dr. Witherspoon has appropriate pediatric expertise, including his administration of the Wechsler Intelligence Scale for Children–Revised. While it might have been better for the ALJ to expressly state that Witherspoon was qualified under the applicable regulations, the court does not believe that the failure to do so warrants reversal. The court also notes that at the hearing, Towenson's counsel asked the ALJ not to give too much weight to the opinions of non-examining consultants.

■ Towenson next argues the ALJ failed to follow functional equivalency rules when he failed to compare Towenson's functional limitations to those of listed impairments. The ALJ identified Towenson's functional limitations and addressed why she did not meet the relevant listings. The ALJ is not required to go through each of the listed impairments and explain why Towenson's condition did not meet a particular listing.

---

1. An alternative basis for reversal existed in Gomez, as the court also held the ALJ's decision was not supported by substantial evidence.

Towenson does not identify a listing that the ALJ should have considered.

 Towenson next argues the ALJ failed to require the use of newer tests for evaluating childhood disability and failed to consider the impact of the tolerance of the test which was administered. Towenson cites no statutes, controlling case law or regulations which require the ALJ to do so. This court may not impose its own rules and regulations on the ALJ.

Towenson next argues the ALJ failed to properly apply the individualized functional assessment (IFA) test. This test is used at step four to determine whether an adult with comparable functional limitations would be unable to engage in substantial gainful activity. Towenson does not explain how the ALJ failed to properly apply the IFA test.

Under the Tenth Circuit standard, the IFA test at step four is not relevant. *Brown*, 120 F.3d at 1135. Under the Eighth Circuit standard, a child's disabilities are considered disabling only if they substantially reduce the child's ability to function independently, appropriately, and effectively in an age-appropriate manner. *Russell v. Chater*, 62 F.3d 1421 (8th Cir.1995) (table). This was the type of analysis the ALJ conducted and his findings are supported by evidence in the record.

Finally, Towenson argues the ALJ improperly followed old regulations instead of the regulations which were in effect at the time of the ALJ's decision. Towenson provides the court with no specific examples of the ALJ following out-of-date regulations. The court declines to scour the regulations on Towenson's behalf to search for alleged failures to follow the regulations.

The ALJ applied the appropriate legal standards and his decision is supported by substantial evidence in the record as a whole. Accordingly, the ALJ's decision must be affirmed whether the court stops at step three or proceeds to examine the ALJ's decision in step four.

IT IS ACCORDINGLY ORDERED this 29th day of July, 1998, that the decision of the Commissioner denying Towenson's application for SSI benefits is affirmed.