**Bernice C. VIGIL, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. CIV.A. 04–AP–2154.**

United States District Court, D. Colorado.

March 22, 2005.

Doug George, Alamosa, CO, for Plaintiff.

Debra J. Meachum, Michele M. Kelley, Thomas Henry Kraus, Social Security Administration Office of General Counsel, Denver, CO, for Defendant.

## ORDER ON MOTIONS FOR DISCOVERY AND TO SUPPLEMENT ADMINISTRATIVE RECORD

KANE, District Judge.

This social security appeal is before me on Plaintiff's Combined Motions to Supplement the Record and to Compel or Make Findings Pursuant to Rule 36(a) Fed. R.Civ.P. and the Commissioner's related Motion for Protective Order. Plaintiff contends she was entitled to responses to discovery requests directed to the Commissioner last December, and that the Commissioners's failure to respond should be deemed an admission under the Rules of Civil Procedure. The information sought related to the Appeals Council's purported failure to comply with its own rules and regulations in denying claimant's request for review without first auditing the tape of the hearing before the ALJ, one of the grounds urged by Plaintiff for reversing the resulting final decision of the ALJ on appeal. Specifically, Plaintiff contends the Appeals Council's arbitrary and capricious failure to comply with its own rules in denying review rendered the ALJ's then-final decision denying her benefits also arbitrary and capricious, and subject to reversal. Plaintiff relies on *Gomez v. Sullivan*, 761 F.Supp. 746 (D.Colo. 1991) as support for this theory, and for her entitlement to the discovery and related relief requested.

Rather than move for a protective order at the time Plaintiff served her discovery requests in December 2004, the Commissioner declined to respond. The parties appeared at a prebriefing conference on February 1, 2005, where neither side raised the issue. Only after Plaintiff filed her Motion to Compel two weeks later did the Commissioner act, moving for a protective order on the general premise that "courts are not at liberty to consider the [sic] evidence not in the record certified by the [Commissioner]," Mot. Prot. Order at 2 (citing *Atteberry v. Finch*, 424 F.2d 36, 39 (10th Cir.1970)). Citing the Commissioner's failure to respond to the issues raised by Plaintiff, I ordered the Commissioner to file a substantive response, which she has now done.

The Commissioner's position is two-fold. First, the Commissioner suggests the Appeals Council did, in fact, audit the hearing tape at issue and argues "Plaintiff has presented no evidence to support her allegation that the Appeals Council did not." Response to Combined Mot., ¶ 4.[1] Second,

---

[1] The assertion is nonsensical in the context made: It is the Commissioner's refusal to admit or deny its failure to review the tape that forms the basis for the Motion to Compel and Motion for Protective Order at issue. There is no "evidence" to support Plaintiff's allegation that the Appeals Council failed to

however, the Commissioner argues it would make no difference if she *had* "admitted" a failure to review because this Court has jurisdiction only to review the final administrative decision in this case, "which is the ALJ's decision when the Appeals Council denies review." *Id.* ¶ 5.

There is support for the Commissioner's position. In a similar appeal involving a claim that the Appeals Council failed to listen to hearing tapes in violation of its own regulations in denying review, the district court judge in *Towenson v. Apfel*, 16 F.Supp.2d 1329, 1333 (D.Kan.1998) ruled that the Commissioner's decision was not subject to reversal on that basis. The court invoked *Browning v. Sullivan*, 958 F.2d 817, 822–23 (8th Cir.1992) to conclude it lacked jurisdiction to reverse the Commissioner's final decision even if the Appeals Council improperly denied review, stating this was "consistent with Tenth Circuit case law holding that when review is denied by the Appeals Council, the ALJ's decision is the final decision of the Commissioner." *Towenson*, 16 F.Supp.2d at 1333. While I understand the reasoning, I am not prepared to agree that the Tenth Circuit would use it to conclude that Article III courts lack jurisdiction to review the Appeals Council's flouting of its own rules and regulations to deny review in a social security case.

It is true that when the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision for purposes of appeal. 20 C.F.R. § 404.981. There is nothing unique to the Tenth Circuit in that rule of law. That does not, in my view, give the Appeals Council carte blanche to deny review in contravention of its own rules and regulations because doing so can never come under the scrutiny of the courts.

A review of an agency's compliance with its own regulations under an arbitrary and capricious standard is to be distinguished from a review of the merits of the agency's final decision denying benefits under a substantial evidence standard. *See Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1575 (10th Cir.1994)(the arbitrary and capricious standard focuses on the rationality of an agency's decisionmaking process rather than on the rationality of the actual decision). Under *Olenhouse*, district courts are not only authorized, but bound, to review and hold agencies accountable on both accounts.

An ALJ's decision, moreover, is not final until the Appeals Council denies review. The Appeals Council's actions become part and parcel of the Commissioner's overall decisionmaking *process*, and that process is subject to judicial review independently of the final decision itself. *See Olenhouse* at 1574–75 (one of the essential functions of judicial review is a determination of whether the agency complied with prescribed procedures in making its decision and whether the agency examined the relevant data and articulated a rational connection between the facts found and the decision made)(citing *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983)). That the Appeals Council's decision is not part of the "final" decision of the agency for purposes of appeal does not mean that the decisionmaking process—of which the Appeals Council clearly is a part—is shielded from review under this standard. Unless and until the Tenth Circuit instructs otherwise, I decline to follow *Towenson* and will allow Plaintiff's appeal to proceed both on the grounds that the ALJ's decision was not supported by substantial evidence on the record, as well as on the basis that the Appeals Council acted arbitrarily and capriciously in denying

do so because the Commissioner refuses to produce it.

review. Should Plaintiff prevail in establishing that the decisionmaking process was flawed, the case may be remanded back to the agency for appropriate consideration. That this result may not affect the "final" decision of the ALJ does not mean it should not be done. Holding agencies to comply their own rules and regulations is a meaningful end unto itself, and can only be challenged in the social security arena in this manner.

For the foregoing reasons, Plaintiff's Combined Motion to Supplement the Record and to Compel Discovery or Make Findings Pursuant to Fed.R.Civ.P. Rule 36(a) is **GRANTED** in part and **DENIED** in part. The Commissioner shall have ten days to respond to Plaintiff's discovery requests, which shall be limited to requests directed to the substance and process of the Appeals Councils consideration of Claimant's petition for review. The request to deem Plaintiff's discovery requests "admitted" and to supplement the record accordingly is denied as premature.

The Commissioner's Motion for Protective Order is also **DENIED**.