# UNITED STATES COURT OF APPEALS
## Tenth Circuit
## Byron White United States Courthouse
## 1823 Stout Street
## Denver, Colorado 80294
## (303) 844-3157

Patrick J.  Fisher, Jr.                                          Elisabeth A.Shumaker
Clerk                                                            Chief Deputy Clerk

September 3, 1997

**TO:**   All recipients of the captioned opinion

**RE:**   96-5253, Brown v. Callahan
August 13, 1997

Please be advised of the following correction to the captioned decision:

In the second full paragraph on page four of the opinion, "adjudicated" is misspelled.  Please make the correction.

Very truly yours,

Patrick Fisher, Clerk

Susie Tidwell
Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 13 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

GERTRUDE BROWN, for Khilarney
Wallace, a minor,

      Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner of Social Security,[*]

      Defendant-Appellee.

No. 96-5253

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 95-CV-675-W)

---

Submitted on the briefs:

Paul F. McTighe, Jr. and Gayle L. Troutman, Tulsa, Oklahoma, for
Plaintiff-Appellant.

Stephen C. Lewis, United States Attorney, Frank V. Smith, III, Acting Chief
Counsel, Region VI, Linda H. Green, Assistant Regional Counsel, for
Defendant-Appellee.

---

Before ANDERSON, LOGAN, and EBEL, Circuit Judges.

---

    [*]    John J. Callahan, Acting Commissioner of the Social Security
Administration, is substituted for the former commissioner, Shirley S. Chater.
See Fed. R. App. P. 43(c).

EBEL, Circuit Judge.

Claimant Gertrude Brown appeals from the district court's order affirming the decision of the Commissioner of Social Security denying Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act to her daughter, Khilarney Wallace.[1]  Ms. Brown applied for benefits in 1991, alleging that Khilarney was disabled due to asthma and a speech impediment.  Her requests for benefits were denied administratively, both initially and upon reconsideration.

Ms. Brown requested and received a hearing before an administrative law judge (ALJ), at which she testified concerning Khilarney's alleged impairments.  In addition to the complaints about asthma and a speech impairment urged in her application for benefits, she also testified that Khilarney suffered from eye problems and emotional and nervous symptoms.

The statutory and regulatory criteria in effect at the time of the ALJ's decision required the decisionmaker to apply a four-step evaluation process to Ms. Brown's claim.  See 42 U.S.C. § 1382c(a)(3)(A)(1994), as implemented by 20

---

[1]  After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

C.F.R. § 416.924(b)(1994).[2]  The ALJ denied benefits at step four of this process.

He determined that Khilarney's only severe impairment was mild asthma, and that

her asthma, considered in combination with her other nonsevere impairments,

neither met the Listings, nor was of comparable severity to an impairment which

would disable an adult.

The Appeals Council denied review, and Ms. Brown filed suit in federal

district court.  The parties consented to adjudication by a magistrate judge, who

affirmed the agency's decision.

We have jurisdiction over this appeal pursuant to 42 U.S.C. § 405(g) and 28

U.S.C. § 1291.  "We review the district court's decision de novo and therefore

must independently determine whether the [agency's] decision (1) is free of legal

error and (2) is supported by substantial evidence."  Smolen v. Chater, 80 F.3d

1273, 1279 (9th Cir. 1996) (child's benefit case).  Substantial evidence is "such

---

[2]     First, he had to determine whether the claimant was engaged in substantial gainful activity.  See 20 C.F.R. § 416.924(c).  If so, she was not disabled.  See id.  If the claimant was not engaged in substantial gainful activity, the ALJ had to determine whether she had a severe impairment.  See id. § 416.924(d).  If not, she was not disabled.  See id.  If the claimant had a severe impairment, the ALJ had to determine whether that impairment met or equaled an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1 (Listings).  See id. § 416.924(e).  If a Listing was met or equaled, the claimant would be deemed disabled.  See id.  If no Listing was met, the evaluation would proceed to the fourth step, where an individualized functional assessment (IFA) would be made to determine whether the claimant had an impairment or impairments of comparable severity to that which would prevent an adult from engaging in substantial gainful activity.  See id. § 416.924(f).

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (further quotation omitted).

Subsequent to the ALJ's decision, Congress passed the Personal Responsibility and Work Opportunity Reconciliation Act, Pub. L. No. 104-193, 110 Stat. 2105. The Act amended the relevant substantive standard for evaluating children's disability claims, found at 42 U.S.C. § 1382c(a)(3)(C), to read as follows:

> An individual under the age of 18 shall be considered disabled . . . if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

Section 211(d)(1) of the Act, found in the notes following 42 U.S.C.A. § 1382c, states that the new standard for evaluating children's disability claims applies to all cases which have not been finally adjudicated as of the effective date of the Act, August 22, 1996, including those cases in which a request for judicial review is pending. Thus, we apply the new version of the Act to this case.

The new version of the Act eliminates the fourth step in the analysis: determining whether the child has an impairment or impairments of comparable

severity to that which would disable an adult. The Commissioner's new regulations implementing the Act reflect this change by providing that if the child's impairment or impairments do not meet, medically equal, or functionally equal in severity a listed impairment, the child is not disabled. See 20 C.F.R. § 416.924(d)(2)(1997). In reviewing the Commissioner's decision, therefore, we do not concern ourselves with his findings at step four of the analysis; we ask only whether his findings concerning the first three steps are supported by substantial evidence.

Ms. Brown mounts two challenges to the ALJ's findings. She first argues that the ALJ failed to make specific findings, tied to the medical evidence, about the credibility of her testimony concerning Khilarney's impairments. In disability cases where the child is unable to adequately describe her symptoms, the Commissioner accepts the testimony of a person most familiar with the child's condition, such as a parent. See 20 C.F.R. § 416.928(a). In such cases, the ALJ must make specific findings concerning the credibility of the parent's testimony, just as he would if the child were testifying for herself. Cf. Williams ex rel. Williams v. Bowen, 859 F.2d 255, 260-61 (2d Cir. 1988) (reversing and remanding for benefits where ALJ failed to make credibility findings concerning testimony of mother and daughter).

In evaluating credibility, "[b]ased on a consideration of all of the evidence in the case record, the adjudicator may find all, only some, or none of an individual's allegations to be credible." S.S.R. 96-7p, 1996 WL 374186, at *4. Here, the ALJ accepted Ms. Brown's testimony concerning Khilarney's eye problems, her slurred speech, and the nervous problems she suffered while taking Phenergan. However, he went on to explain why none of these problems could be considered disabling. His findings on these points are supported by substantial evidence.

The ALJ specifically rejected Ms. Brown's testimony concerning Khilarney's alleged emotional and nervous problems, concluding that they were unsupported by the medical evidence. See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (ALJ must make specific findings once impairments have been medically established). Because there is no medical evidence in the record to establish a mental or nervous impairment, the ALJ properly rejected Ms. Brown's testimony.

The ALJ also rejected Ms. Brown's testimony concerning the severity of Khilarney's problems with asthma. She testified that Khilarney was sick with asthma three to four times a month for two or three days each time, and had missed a significant amount of school as a result. The ALJ noted, however, that most of the medical records characterized Khilarney's asthma as mild. She had

visited the hospital emergency department only seven times over a two-year period; three of these seven visits were for pneumonia and occurred within a four-day period. The ALJ accepted Ms. Brown's assertions that Khilarney's kindergarten attendance had been "limited," Appellant's App. Vol. II at 18, due in part to her asthma, but noted that Khilarney had made satisfactory progress in spite of her absences. Moreover, Ms. Brown testified at the hearing that Khilarney's first grade attendance had improved: as of October 5, 1993, Khilarney had missed only two days of school due to illness. Ms. Brown further testified that Khilarney had been prescribed a wide variety of medications for treatment of her asthma. The ALJ determined that the medical records did not reflect that Khilarney had been prescribed all of the medications for daily dosage, as indicated on the medication list discussed at the hearing. This finding is supported by substantial evidence.

In sum, the ALJ made proper credibility findings concerning Ms. Brown's testimony at the hearing. He considered her testimony concerning each of the impairments which she alleged, made permissible findings concerning the credibility of her testimony, and provided proper evidentiary support for each such finding.

Ms. Brown also argues that the ALJ failed to consider Khilarney's impairments in combination. This argument lacks merit. The ALJ specifically

concluded, at step three of his decision, that Khilarney did not have an impairment, or combination of impairments, listed in or equivalent to those contained in 20 C.F.R. § 404, Subpt. P, App. 1. <u>See</u> 20 C.F.R. § 416.924(d) (describing listing equivalence requirements for childhood disability). Ms. Brown's attack on the wording of the ALJ's step-four finding fails, because as mentioned, step four findings are no longer a required part of the ALJ's analysis.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.