**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 26 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

LASHONDIA HORN, for LeCharlie J.
Markham, a minor,

      Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 96-5257
(D.C. No. 95-CV-723-M)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before TACHA, MCKAY, and BALDOCK, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant LaShondia Horn appeals from an order of the magistrate judge, sitting for the district court by consent of the parties pursuant to 28 U.S.C. § 636(c)(1), affirming the denial of supplemental security income (SSI) benefits to her son, LeCharlie Markham. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 636(c)(3) and 28 U.S.C. § 1291.

Ms. Horn applied for SSI benefits in 1993, alleging that LeCharlie, then approximately six months old, was disabled due to achondroplastic dwarfism and asthma. In evaluating LeCharlie's claim, the administrative law judge (ALJ) followed the four-step evaluation process then required by agency regulations. See 20 C.F.R. § 416.924 (1996).[1] He denied benefits at step four of that process, finding that LeCharlie's impairments did not meet or equal any listed impairment and that his impairments were not of comparable severity to those that would disable an adult.

---

[1] The statutory standard for evaluating children's disability claims and the accompanying regulations have since been changed. See Brown v. Callahan, 120 F.3d 1133, 1135 (10th Cir. 1997). The first three steps in the evaluation process remain the same, involving determinations as to (1) whether the child is engaging in substantial gainful activity, (2) whether the impairment is severe, and (3) whether the impairment meets or equals an impairment listed in 20 C.F.R. Pt. 404, Subpt. P., App. 1. See 20 C.F.R. § 416.924 (1997). The fourth step, which required a determination as to whether a child's impairment was of comparable severity to that which would disable an adult, has been eliminated. See Brown, 120 F.3d at 1135.

On appeal, first in the district court[2] and now here, Ms. Horn challenges only the ALJ's conclusion at step three that LeCharlie's impairments do not meet a listed impairment.[3] More specifically, she contends that he meets listing 100.02, which requires "*[g]rowth impairment*, considered to be related to an additional specific medically determinable impairment, and . . . persistence of height below the third percentile." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 100.02 (1997). She argues that achondroplastic dwarfism is the "additional specific medically determinable impairment" to which LeCharlie's growth impairment is "related."

"We review the district court's decision de novo and therefore must independently determine whether the [agency's] decision (1) is free of legal error and (2) is supported by substantial evidence." Brown, 120 F.3d at 1135 (further

---

[2] Ms. Horn's argument in the district court apparently focused on the ALJ's conclusion that because LeCharlie's achondroplasia was inherited, he was precluded by § 100.00 from meeting any of the growth impairment listings. See Appellant's Br. at 4. Although the magistrate judge considered this conclusion erroneous (a determination which has not been appealed), he correctly found that it did not ultimately constitute the basis of the ALJ's denial decision. See Appellant's App. at 12 ("In any event, the medical evidence demonstrates that the claimant does not meet the criteria specified in sections 100.02 and 100.03.").

[3] Issue II in Ms. Horn's brief relates to the now-defunct fourth step, although the issue is purportedly included not as a distinct point of error but simply as "an aid to the appellate process." Appellant's Br. at 1. In any event, the new standard for children's disability claims is applicable to all cases on appeal, and thus we decline to consider any claimed error in the ALJ's step four determination. See Brown, 120 F.3d at 1135.

quotation omitted). Having carefully reviewed the record and the briefs in this case, as well as the applicable law, we agree with the magistrate judge that achondroplasia cannot be considered an impairment in addition to LeCharlie's growth impairment within the meaning of § 100.02. Accordingly, we affirm for the reasons given by the magistrate judge.[4]

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[4] In his order, the magistrate recites the four-step evaluation process, which, as indicated earlier, is no longer applicable in its entirety. The order was entered less than one month after the effective date of the statutory changes, and the magistrate did not yet have the benefit of implementing regulations. In any event, we are not concerned about his recitation of the four-step process because it is clear that the only issue raised in this case and considered by the magistrate related to the ALJ's step three determination.

-4-