**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 7 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JASON MURRAY, By and through
his next friend, LaVon Bohannon,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 97-5043
(D.C. No. 95-CV-481-W)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant, Jason Murray, brought this action by and through his mother, LaVon Bohannon. He appeals the district court's affirmance of the Commissioner's denial of his application for supplemental security income benefits. The claim was denied initially and upon reconsideration. Claimant requested a hearing, and the Administrative Law Judge (ALJ) also denied benefits. The Appeals Council denied review, and the ALJ's denial of benefits became the Commissioner's final decision. Claimant brought an action in the United States District Court for the Northern District of Oklahoma, and the parties consented to having a magistrate judge conduct the proceedings and enter judgment in the case. We affirm.

We review the district court's order de novo. See Brown v. Callahan, 120 F.3d 1133, 1135 (10th Cir. 1997). To that end, we must independently determine whether the Commissioner's decision is both supported by substantial evidence in the record and free of legal error. See id. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted).

The ALJ evaluated the benefits claim pursuant to a four-step process in effect at that time. See 42 U.S.C. § 1382(a)(3)(A) (1994), as implemented by 20 C.F.R. § 416.924 (1994).[1] After the ALJ issued his decision, Congress changed the evaluation process for children's disability claims and, because claimant's request for judicial review was still pending, we apply the new law. See Brown, 120 F.3d at 1135; notes following 42 U.S.C. § 1382c.

The revised statute eliminates the fourth step of the prior analysis. Accordingly, the new regulation provides that if the child's impairment or impairments do not meet or equal a listing at the third step of the evaluation, the child is not disabled. See 20 C.F.R. § 416.924(d)(2) (1997). Consequently, we will not review the ALJ's findings or decision at step four of the evaluation, and the sole issue in this appeal is whether the ALJ's finding that claimant did not meet or equal a listing is supported by substantial evidence. See Brown, 120 F.3d at 1135.

---

[1] First, the ALJ determined that claimant was not engaged in substantial gainful activity. Because he was not, the ALJ went on to the second step and determined that claimant did have a severe impairment. At step three, the ALJ decided that claimant's impairment did not meet or equal an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1 (listings). Finally, the ALJ considered the individualized functional assessment (IFA) prepared by the medical expert and concluded that claimant's impairment was of comparable severity to that which would prevent an adult from engaging in substantial gainful activity. See App. at 26.

Claimant was born on May 10, 1985. He filed his application for benefits on September 15, 1992. Claimant has been diagnosed with attention deficit hyperactivity disorder (ADHD) and, at the time of the hearing, was taking 20 mg. of Ritalin three times a day. It is because of this affliction that he claims disability. The relevant listing identifies ADHD as "manifested by developmentally inappropriate degrees of inattention, impulsiveness, and hyperactivity." 20 C.F.R. pt. 404, subpt. P, app. 1, § 112.11 To meet or equal § 112.11, claimant must satisfy both parts A and B. Part A requires medically documented findings of marked inattention, marked impulsiveness, and marked hyperactivity. See id. Part B requires that two of the criteria in § 112.02B2 be met:

> a. Marked impairment in age-appropriate cognitive/communicative function, documented by medical findings (including consideration of historical and other information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized psych[o]logical tests, or for children under age 6, by appropriate tests of language and communication; or

> b. Marked impairment in age-appropriate social functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized tests; or

> c. Marked impairment in age-appropriate personal functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge

-4-

of the child, when such information is needed and available) and including, if necessary, appropriate standardized tests; or

d. Deficiencies of concentration, persistence, or pace resulting in frequent failure to complete tasks in a timely manner.

The ALJ made no specific finding regarding whether claimant satisfied part A of the listing, although there is evidence to support that claimant exhibited marked inattention, impulsiveness, and hyperactivity. Nevertheless, even if we assume that, based on the medical expert, Dr. Kisher's, testimony, the ALJ found that claimant met the first part of the listing, the ALJ clearly detailed his findings relevant to the part B requirements and his conclusion that claimant exhibited no marked limitations in any of those areas. Relevant to part B, however, the ALJ referred to the IFA completed by Dr. Kisher and specifically found that claimant had no limitation of communicative development; less than moderate limitation in cognitive development; moderate limitation of social development; moderate limitation of personal/behavioral development; and less than moderate limitation of concentration, persistence, and pace. Because claimant did not have marked limitations in even one of these areas, his impairment was not of the required level of severity to meet or equal the listing. Substantial evidence in the record, including the medical expert's testimony, supports these findings.

The district court accurately and thoroughly summarized the record evidence, and we will not repeat those details here. Suffice it to say, the record

evidence bears out the medical expert's insistent conclusion[2] that claimant has no more than moderate limitations in any of the areas referenced in part B of § 112.11. The record shows that claimant's mother thought of claimant as an active child and noted that he completed regular household chores, played with and helped his younger sister, and even when he burned his sister once, it was not maliciously.

The medical evidence support's claimant's diagnosis of ADHD, but it also shows improvement in his behavioral problems with proper medication. The testing and medical opinions also indicate average to above-average intelligence and performance. Similarly, claimant's teachers and other school evaluators noted instances of specific behavioral problems only when claimant did not take his medication. The record shows significant improvement in claimant's school behavior over time, average or above-average academic achievement, and behavior appropriate for school and in line with age expectations. Claimant was eventually main streamed for reading, art, music, P.E., recess, and lunch.

The record contains substantial evidence supporting the ALJ's conclusion that claimant's limitations in the areas referenced in part B of § 112.11 are not

---

[2]    We note the apparent facial inconsistencies in the medical expert's testimony, but it is clear from reading his testimony as a whole that he was of the indisputable opinion that claimant suffered from no more than moderate limitations in any of the IFA areas, which mirror the part B listing areas.

marked. The ALJ's decision at step three that claimant's impairment did not meet or equal the listings is supported by substantial evidence, and claimant was, therefore, not disabled.

AFFIRMED.

Entered for the Court


Wade Brorby
Circuit Judge