**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 18 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BRIDGETTE LONG for Marquet
Long, a minor,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 98-5265
(D.C. No. 97-CV-763-M)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **BARRETT** , and **McKAY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Bridgette Long appeals from the district court's order affirming the decision of the Commissioner of Social Security denying her applications on behalf of her son, Marquet Long, for supplemental security income benefits under Title XVI of the Social Security Act. She alleged that her son became disabled on February 9, 1994, due to a learning disability and emotional problems. Under current agency regulations, claimant must demonstrate that her son's alleged impairments meet or equal a listed impairment before the child will be considered disabled under the Act. *See Brown v. Callahan*, 120 F.3d 1133, 1135 (10th Cir. 1997) (citing 20 C.F.R. § 416.924(d)(2)).

Claimant's application for income benefits was denied initially and upon reconsideration at the administrative level. After a hearing, an administrative law judge (ALJ) also denied her application, determining that her son does not have "an impairment or combination of impairments that meets or equals . . . any impairments(s) listed" in the appropriate regulations. *See* Appellant's Appendix, Vol. II, at 18. Claimant filed suit in district court; the court affirmed the agency's denial of benefits. This appeal followed.

Our jurisdiction over this appeal arises under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. Our review of the agency's decision is limited to determining whether the decision is free of legal error and supported by substantial evidence. *See Brown*, 120 F.3d at 1135.

On appeal, claimant contends that the ALJ 1) failed to properly develop the record as to her son's mental impairments and 2) applied the wrong standards when he attached an adult psychiatric review form to his decision. She claims that insufficient evidence supports the ALJ's determination that her son is not disabled under the Act.

After careful review of the record on appeal and consideration of claimant's arguments in light of the applicable legal standards, we conclude that substantial evidence supports the agency's decision that claimant's son's impairments do not meet or equal a listed impairment. Further, we conclude that the district court correctly decided this case. Therefore, for substantially the same reasons set forth in the district court's order, dated October 29, 1998, *see* Appellant's App., Vol. I at 6-15, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge