**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 8 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SANDRA MILLER, for her son
Aaron Miller,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security,

      Defendant-Appellee.

No. 00-1056
(D.C. No. 99-S-811)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **KELLY** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant appeals from the district court's memorandum decision upholding the Commissioner's decision denying Supplemental Security Income benefits to plaintiff's son, Aaron, who suffers from Attention Deficit Disorder. In essence, the Commissioner determined that Aaron was not disabled under the Social Security Act regarding children under age eighteen. See 42 U.S.C. § 1382c(C). We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

In reviewing the Commissioner's decision, we determine whether substantial evidence in the record as a whole supports the factual findings and whether correct legal standards were applied. See Brown v. Callahan, 120 F.3d 1133, 1135 (10th Cir. 1997). We may not reweigh the evidence or substitute our discretion for that of the Commissioner. See Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

The focus of this appeal is whether substantial evidence supports the conclusion of the administrative law judge (ALJ) that Aaron did not have an impairment listed in or functionally equal to one listed in 20 C.F.R. pt. 404, subpart P, app. 1, Part B, § 112.11. In making this determination, the ALJ used the "broad areas of functioning" method. See 20 C.F.R. § 416.926a(b)(2). To meet the "functionally equivalent in severity to a listed impairment" requirement, a child must have an "extreme" limitation in one area of functioning or a

"marked" limitation in two or more areas of functioning. See id. "Marked" limitation means "more than moderate" but "less than extreme" and may arise when several activities or functions are limited or if the degree of limitation seriously interferes with the child's functioning. See. § 416.926a(c)(3)(i)(C). "Extreme" limitation means no meaningful functioning in a given area and may arise when one or several activities or functions are limited. See § 416.926a(c)(3)(ii)(C). The ALJ determined that Aaron had neither a "marked" nor an "extreme" limitation in any of the five areas of functioning of (1) cognition/communication, (2) motor skills (3) social skills (4) personal skills and (5) concentration, persistence or pace. See § 416.926a(c)(4)(i)-(iii), (v)-(vi).

Although appellant argues that the ALJ did not consider her claim that Aaron is disabled because of his behavior, see Appellant's Br. at 8-9, the record reflects the ALJ did note Aaron's behavior problems, see Appellant's App. at 20-22, but concluded they did not rise to the level of a "marked" or "extreme" limitation. The thrust of plaintiff's argument is a request that this court reweigh the evidence, which we may not do. See Kelley, 62 F.3d at 337. We have carefully reviewed the record and agree with the district court's conclusion that there is substantial evidence in the record to support the ALJ's decision.

Accordingly, for substantially the reasons stated in the district court's Memorandum Decision on Appeal filed December 13, 1999, the judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge