**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JUDY A. RAGAN, on behalf of
Billy J. Ragan, a minor,

Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

Defendant-Appellee.

No. 03-7076
(D.C. No. 02-CV-473-W)
(E.D. Okla.)

---

ORDER AND JUDGMENT *

---

Before **BRISCOE** and **McKAY** , Circuit Judges, and **BRORBY** , Senior Circuit
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Judy A. Ragan appeals from an order of the magistrate judge, sitting for the district court by consent of the parties pursuant to 28 U.S.C. § 636(c)(1), that affirmed the Commissioner's decision denying Supplemental Security Income (SSI) benefits to her son, Billy J. Ragan. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 636(c)(3) and 28 U.S.C. § 1291.

Ms. Ragan filed for SSI benefits in 1999, alleging that Billy was disabled due to attention deficit hyperactivity disorder (ADHD). The agency denied her application initially and on reconsideration. On February 13, 2001, Ms. Ragan received a de novo hearing before an administrative law judge (ALJ).

The ALJ issued a written decision denying Ms. Ragan's application. Applying the three-step evaluation process applicable to childhood disability claims, *see* 20 C.F.R. § 416.924, he determined (1) that Billy had never performed substantial gainful activity; (2) that his ADHD was a "severe" impairment; but (3) that Billy did not have an impairment or combination of impairments that medically met or equaled the severity of any listed impairment. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

We review the Commissioner's decision to determine whether it is free of legal error and supported by substantial evidence. *Brown v. Callahan*, 120 F.3d 1133, 1135 (10th Cir. 1997). Substantial evidence is "such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion." *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989) (quotations omitted).

On appeal, Ms. Ragan raises two issues. She contends that the ALJ failed to give a sufficient explanation for rejecting the opinion of Billy's treating psychiatrist, Dr. William Allen Mitchell, concerning the severity of Billy's ADHD. She also contests the ALJ's finding that she was not a credible witness.

1. **Evaluation of Dr. Mitchell's opinion**

The ALJ denied Ms. Ragan's application at step three of the sequential evaluation. At this step, the question is whether the child's impairment "meet[s], medically equal[s], or functionally equal[s]" an impairment listed in the Commissioner's regulations. 20 C.F.R. § 416.924(d). Ms. Ragan contends that the ALJ failed to consider properly the opinion of Dr. Mitchell, that Billy's condition functionally equaled a listed impairment.

Dr. Mitchell completed a Childhood Disability Evaluation Form in which he opined that Billy's condition functionally equaled Listing 112.11, "Attention Deficit Hyperactivity Disorder." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.11. The ALJ rejected Dr. Mitchell's conclusion, however, finding that his opinion "cannot be given controlling weight because it is based on the mother's opinion and [is] conclusory with nothing in the way of clinical findings to support his conclusion." Aplt. App., Vol. II at 19.

We recently discussed the analysis the ALJ should pursue in evaluating a treating physician's opinion:

> An ALJ must first consider whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques." SSR 96-2p, 1996 WL 374188, at *2 (quotations omitted). If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. *Id.* In other words, if the opinion is deficient in either of these respects, then it is not entitled to controlling weight. *Id.*

*Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).

If the ALJ concludes that the treating physician's opinion is not entitled to controlling weight, he must articulate the reasons for his conclusion. *Id.* If he denies the opinion controlling weight, he must still consider what lesser weight it deserves, or whether to reject the opinion entirely. *Id.* at 1300-01. "The ALJ must give good reasons . . . for the weight he ultimately assigns the opinion," including "specific, legitimate reasons" for rejecting the opinion. *Id.* at 1301. (internal citation and quotations omitted).

The ALJ's analysis of Dr. Mitchell's opinion is deficient in several respects. First, it rests on an unfounded and speculative inference, that the physician's opinion was based on Ms. Ragan's own "opinion" about Billy's condition. Nothing in Dr. Miller's report indicates that he relied on Ms. Ragan's opinions about Billy's condition in preparing his report or reaching his

conclusions. Dr. Mitchell diagnosed Billy with ADHD and treated him for several months, prescribing medication for him to treat his symptoms. *See* Aplt. App., Vol. II at 276-79. While some of the factual information he relied upon in treating Billy may have come from Ms. Ragan, there is no indication that he forfeited his independent medical judgment in favor of her opinions. The ALJ's conclusion that Dr. Mitchell based his opinion on Ms. Ragan's opinion of Billy's condition appears to be based on speculation rather than fact. An ALJ may not reject a treating physician's opinion based on his own speculation, credibility judgments, or lay opinion. *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002).

Second, the ALJ stated he was denying controlling weight to Dr. Mitchell's opinion because of its lack of supporting clinical findings. This is equivalent to a finding that the opinion was not "well-supported by medically acceptable clinical and laboratory diagnostic techniques." SSR 96-2p, 1996 WL 374188, at *2 (quotations omitted). While lack of support is a legitimate reason to deny controlling weight to a physician's opinion, *see Watkins*, 350 F.3d at 1300, the ALJ's finding of lack of supporting clinical findings triggered a duty to seek further development of the record before rejecting the opinion.

An ALJ is required to re-contact a medical source, including a treating physician, where his opinion "does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.912(e)(1). The purpose of re-contacting the medical source is to obtain the information needed to reach an informed decision concerning the claimant's disability. *Id.* The responsibility to see that this duty is fulfilled belongs entirely to the ALJ; it is not part of the claimant's burden. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002). If the ALJ concluded that Dr. Mitchell failed to provide support for his conclusions, he should have contacted Dr. Mitchell for clarification of his opinion before rejecting it. There is no indication that the ALJ did so.

We recognize that Ms. Ragan did not raise the "re-contact the physician" argument in her district court briefs. Ordinarily we do not consider issues not raised in the district court. *See Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994). We have elected to address it here, however, for the following reasons: we must remand on other grounds on the treating physician issue, the Commissioner did not argue waiver in its brief, and this error could resurface in this case if not corrected.

Finally, while the ALJ provided a facially valid reason for not giving Dr. Mitchell's opinion *controlling* weight, he did not follow through with the

remainder of the analysis, to specify what *lesser* weight, if any, should be assigned to the medical opinion. *See Watkins*, 350 F.3d at 1301. Our cases require the ALJ to consider a number of factors and to give good reasons for the ultimate weight he assigns to a treating source medical opinion. *Id.*[1] There is no indication the ALJ followed that procedure in this case.

## 2. **ALJ's assessment of Ms. Ragan's credibility**

Ms. Ragan also contends that the ALJ insufficiently evaluated her credibility as a witness for her son. The ALJ stated:

> After giving due consideration to credibility, motivation, and the medical evidence, the Administrative Law Judge is persuaded that the claimant's mother exaggerates the claimant's symptoms. The Administrative Law Judge finds such complaints to be inconsistent with the record as a whole and although the claimant has severe impairments which could certainly impact his ability to learn, the medications appear[] to be allowing him to learn and function at the same level as other students in his class.

---

[1] These factors include:

(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001) (quotation omitted).

Aplt. App., Vol. II at 18.

"[An] ALJ must make specific findings concerning the credibility of the parent's testimony." *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001). The ALJ's discussion of Ms. Ragan's credibility is conclusory and is not linked to specific medical evidence. *See id.* There is one exception: the ALJ specifically concluded that Billy's medications allow him to learn and function at the same level as other students in his class. This conclusion, however, seems inconsistent with another of his findings, that Billy has a "marked" limitation of functioning in the area of acquiring and using information. Aplt. App., Vol. II at 19. The ALJ found that "[t]he claimant attends special education class for 2 classes and requires speech and language services. *He is performing below his grade level.*" *Id.* (emphasis added). On remand, the ALJ should conduct a proper analysis, with specific, consistent findings, concerning Ms. Ragan's credibility.

The judgment of the district court is REVERSED and REMANDED with instructions to REMAND to the Commissioner for further proceedings in accordance with this order and judgment.

Entered for the Court


Mary Beck Briscoe
Circuit Judge